UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. James Madison Parker**                                      **Docket No. 5:17-CR-346-4D**

**Petition for Action on Supervised Release**

COMES NOW Kyle W. Fricke, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of James Madison Parker, who, upon an earlier plea of guilty to Conspiracy to Distribute and Possess With the Intent to Distribute 5 Grams or More of Methamphetamine and a Quantity of Heroin, in violation of 21 U.S.C § 846 and 21 U.S.C. § 841(b)(1)(C), was sentenced by the Honorable James C. Dever III, U.S. District Judge, on August 9, 2018, to the custody of the Bureau of Prisons for a term of 42 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 3 years.

James Madison Parker was released from custody on January 29, 2021, at which time the term of supervised release commenced.

On August 20, 2021, a Violation Report was submitted to the court advising that the defendant was issued a criminal summons in Wilson County, North Carolina, for Cyberstalking (21CR52695). After speaking with Parker and the deputy from the Wilson County Sheriff's Department, it appeared the situation involved the defendant's ex-girlfriend, her children's father, who is the complainant, and the defendant. Parker advised he intended to plead not guilty and was instructed to not have contact with the alleged victim. It was respectfully recommended that no action be taken, and the court agreed to continue supervision. This case has since been dismissed.

On January 18, 2022, a Petition for Action was submitted to the court advising that during a routine home visit the defendant admitted to using and tested positive for marijuana and methamphetamine. Parker agreed to have a substance abuse assessment completed and follow any course of recommended treatment. It was recommended that the defendant be relieved of the previously ordered DROPS condition. The court agreed to remove the DROPS condition and continue the defendant on supervision.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

After testing positive for marijuana and methamphetamine in January 2022, the defendant agreed to have a substance abuse assessment completed and to follow any course of recommended treatment. The defendant has failed to complete his substance abuse assessment on three separate occasions: February 16, 2022, at 2pm, February 28, 2022, at 1pm, and March 30, 2022, at 6pm. Regarding the first two appointments, the defendant arrived late, and the assessment could not be completed. When confronted about arriving late, Parker indicated that his transportation situation was unreliable. The undersigned officer is aware of Parker's transportation situation; however, the undersigned officer offered to provide transportation to the defendant after he arrived late to the first appointment. Parker never contacted the undersigned officer for transportation assistance. Due to the defendant's transportation situation, the third scheduled appointment was to be completed via telehealth. Parker advised the undersigned officer that he had gotten up early that day to work outside and when he arrived home, he mistakenly fell asleep.

As a sanction for this conduct, the probation office is recommending that Parker be placed on 30 days of curfew without electronic monitoring equipment. The use of electronic monitoring equipment is not feasible

James Madison Parker
Docket No. 5:17-CR-346-4D
Petition For Action
Page 2

due to Parker residing in a camper with no electricity on his grandparents' property. Parker has been advised that failure to abide by the curfew or substance abuse treatment will result in the defendant being returned to the court. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall adhere to a curfew as directed by the probation officer for a period not to exceed 30 consecutive days. The defendant is restricted to his residence during the curfew hours.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Dewayne L. Smith
Dewayne L. Smith
Supervising U.S. Probation Officer

/s/ Kyle W. Fricke
Kyle W. Fricke
U.S. Probation Officer
150 Reade Circle
Greenville, NC 27858-1137
Phone: 252-830-2336
Executed On: April 8, 2022

## ORDER OF THE COURT

Considered and ordered this \_\_\_11\_\_\_ day of \_\_\_April_____, 2022, and ordered filed and made a part of the records in the above case.

_____
James C. Dever III
U.S. District Judge